UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:14CR0250 CDP/TIA |
| SHELLY BAKER, and CHAD COLLINS, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(B). This matter is before the Court on Defendant Shelly Baker and Defendant Chad Collins' motions to sever. [Doc. 267, 313]

Defendant Baker claims she is charged with Defendant Brecker only in the Money Laundering count. This is correct, however, the Government's proffer and other evidence presented at motions to suppress shows that Defendant Baker was deeply involved in the conspiracy to launder money that came from Defendant Brecker's involvement with Kienstra, Saracino and others in marijuana trafficking. Indeed they are named as unindicted conspirators along with Brecker and Baker in the money laundering. Thus although she is properly joined under Federal Rules of Criminal Procedure 8, she claims she is unfairly prejudiced by her inclusion at trial with large scale drug dealers. Because hiding the assets of drug dealing was part of the overall marijuana conspiracy the Defendant's arguments must fail. The counts

1

charged against the Defendants encapsulate criminal activity that is of similar character and would be proven by overlapping (and, according to Baker, overwhelming) evidence. A joint trial is necessary to enable the jury to follow the organization as the marijuana is acquired, sold, and then the proceeds collected and laundered. Should it choose, the jury can then hold the relevant wrong-doers appropriately responsible- whether the Defendant is distributing marijuana (as in the case of Collins) or collecting and disposing of the proceeds (as in the case of Brecker).

Baker claims that she will be prejudiced because the other Defendants are charged with more counts and the evidence is so voluminous against them that she will be found guilty by association. The possibility of prejudicial "spillover," is rarely sufficient to demonstrate compelling prejudice. Indeed, "not every defendant joined must have participated in every offense charged." United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996). "Severance is never warranted simply because the evidence against one defendant is more damaging than against another. . . ." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). This remains true even if severance might increase the likelihood that a defendant will be acquitted, id., the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir. 1992), if all the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), or the defendants have conflicting defenses, id. at 538.

Further, the mere fact that Baker was only charged with one count when compared to certain other named defendants does not warrant severance. A quantitative difference in the

amount of evidence offered against different co-defendants is insufficient in itself to justify severance. Richardson v. Marsh, 107 S.Ct. 1702, 1706-08 (1987).

The Defendant Collins asserts as grounds for severance that some evidence is admissible against other co-defendants that is not admissible against him. He does not state in any manner what this evidence is, or why it is admissible against others but not him. These allegations are not a sufficient basis on which to sever the defendant's case for trial. United States v. Reeves, 674 F.2d 739, 746 (8th Cir. 1982); United States v. Jackson, 549 F.2d 517, 524-25 (8th Cir.), cert. denied, 431 U.S. 923 (1977).

The Defendant Collins also asserts that at a joint trial, the co-defendant might elect to testify and that the defendant might elect not to testify and that, if this occurs, the jury might draw adverse inferences as a result of this defendant's failure to testify. These assertions are entirely speculative and therefore do not serve as any basis on which to grant a separate trial. Further, should such circumstances arise, the Court may give cautionary instructions to the jury regarding its consideration of the evidence as to each defendant and that no inference may be drawn from the defendant's failure to testify. See, e.g., Manual of Model Criminal Jury Instructions for the District of the Eighth Circuit, Rev. Ed. 1989, §§3.05 and 4.01; United States v. Robinson, 774 F.2d 261, 266 (8th Cir. 1985).

The Defendant Collins claims that his co-defendants can offer exculpatory evidence in his behalf and that inculpatory statements made by the co-defendants also implicate the Defendant and are not admissible against him. The Defendant's claim that the co-defendants possess exculpatory evidence is not supported by any evidence and is thus speculative and

cannot serve as grounds for this motion. United States v. Jackson, 549 F.2d 524 (8th Cir.), cert denied, 431 U.S. 923 (1977).

Co-Defendants may have made statements to law enforcement officials concerning their involvement in the matters alleged in the indictment. Some of the statements of the co-defendants may pertain to the activities of persons other than themselves, including other co-defendants. The Supreme Court in Bruton v. United States, 391 U.S. 123 (1968), held that a defendant is deprived of his right to confront witnesses against him when the confession of a co-defendant which incriminates the defendant is admitted at trial. In Cruz v. New York, 481 U.S. 186 (1987), the Court held that when a co-defendant's own incriminating statement is admitted at the trial. In that same term however, the Court went on to recognize a limited exception to the rule set out in Bruton. In Richardson v. Marsh, 481 U.S. 200 (1987), the Court held that when a co-defendant's statement is redacted to eliminate any reference not only to the defendant's name, but any reference to his or her existence, then there is no violation of the confrontation clause, provided that proper limiting instructions are given. In order to introduce these statements the Government must redact any statements offered in evidence to fall within the narrow constraints of Marsh. Provided that they do, severance is not warranted on the basis of the multiple statements of co-defendants.

The Defendant Collins also alleges this that his co-defendants have exculpatory evidence to offer in his behalf but that he will be prevented from calling them as witnesses if they are tried together. In order to support a request for severance on such claims, the defendant must show 1) that he would call the co-defendant as a witness at a separate trial; 2)

that the co-defendant would testify at this trial; and, 3) that the testimony of the co-defendant would be exculpatory. United States v. Voss, 787 F.2d 393, 401 (8th Cir.), cert. denied, 479 U.S. 888 (1986). The defendant may have met the first of these requirements (although he does not identify which of the co-defendants he wishes to call) but has not shown by proffer, affidavit or otherwise that any co-defendant would testify or that his testimony would be exculpatory. Under the circumstances, such speculative allegations do not serve as grounds for severance.

Therefore, the Defendants' motions should be denied.

Further, the parties are advised they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions or fact. Thompson v. Nix, 897 F.2d 357 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of April, 2015.